The opinion of the court was delivered by
Tirghman, C. J.
This was an ejectment for fifty aeres of land in Mifflin county, which was referred to arbitrators under the compulsory arbitration act. The plaintiff had sold, but not conveyed the land to the defendant, and the purchase money not having been paid, this ejectment was brought for the purpose of compelling payment. The arbitrators awarded a sum of money to be paid by the defendant to the plaintiffs. The record exhibits a very strange proceeding indeed, for, on this award for money, the plaintiff sued out a habere facias possessionem for the land, with a fieri facias for the costs of suit. This award, according to the act of assembly, stands for a judgment. And it is clearly erroneous, because the action was brought for the recovery of land and not for money. The plaintiff might have sued for the money, and recovered it j but not having parted with the legal estate, he thought *151 proper to sue for the land, and therefore could recover nothing but the land. This is different from the cases cited by the counsel for the plaintiff, where in an ejectment, the jury found for the plaintiff on condition that he release the land to the defendant, on payment of a sum of money within a given time. Such verdicts have been supported by the court — but then the judgment was entered properly, viz. that the plaintiff recover the land. But the court has no right to mould this award, into what might be the proper form. It is in itself a judgment, which no court has a right to alter, although, it may be reversed, if erroneous. It is our opinion that it was erroneous, and should therefore be reversed.
Judgment and execution reversed, and restitution awarded both of the land and money which have been taken from the defendants. The record is to be remitted to the Court of Common of Pleas, in order that such further proceedings may be had as justice may require.